FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 12, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHAWNA U., | No. 1:22-CV-03086-RHW |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, | ECF No. 13, 14 |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 14. Attorney Victoria B. Chhagan represents Shawna U. (Plaintiff); Special Assistant United States Attorney Jeffrey E. Staples represents the Commissioner of Social Security (Defendant). This matter was referred to the undersigned magistrate judge for issuance of a report and recommendation. ECF No. 18. After reviewing the administrative record and the briefs filed by the parties, the Court **RECOMMENDS** Plaintiff's Motion, ECF No. 13, be granted and Defendant's Motion, ECF No. 14, be denied.

## JURISDICTION

Plaintiff protectively filed applications for Child's Disability Insurance Benefits and Supplemental Security Income on June 3, 2019, alleging disability since February 15, 2019. Tr. 13, 182-90, 193-107. The applications were denied initially and upon reconsideration. Tr. 88-103, 107-19. Administrative Law Judge (ALJ) Robert Ryan held a hearing on July 2, 2021, Tr. 28-49, and issued an

REPORT AND RECOMMENDATION . . . - 1

unfavorable decision on August 16, 2021. Tr. 10-27. Plaintiff requested review by the Appeals Council and the Appeals Council denied the request on April 29, 2022. Tr. 1-6. The ALJ's August 16, 2021 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. §§ 405(g). Plaintiff filed this action for judicial review on April 16, 2021. ECF No. 1.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

REPORT AND RECOMMENDATION . . . - 2

**SEQUENTIAL EVALUATION PROCESS**

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) that Plaintiff can perform other substantial gainful activity and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 404.1520(a)(4)(v), 416.920(a)(4)(v).

**CHILD'S DISABILITY INSURANCE BENEFITS**

Title II of the Social Security Act provides disabled child's insurance benefits based on the earnings record of an insured person who is entitled to old-age or disability benefits or has died. 42 U.S.C. § 402(d); 20 C.F.R. § 404.350(a). The same definition of "disability" and five-step sequential evaluation outlined above governs eligibility for disabled child's insurance benefits. *See* 42 U.S.C. § 423(d); 20 C.F.R. § 404.1520(a)(1)-(2). In addition, in order to qualify for disabled child's insurance benefits several criteria must be met. 20 C.F.R. § 404.350(a)(1)-(5). As relevant here, if the claimant is over 18, the claimant must "have a disability that began before [she] became 22 years old." 20 C.F.R. § 404.350(a)(5).

## ADMINISTRATIVE DECISION

On August 16, 2021, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 10-27.

With respect to the child's disability benefits claim (CDB), the ALJ found that Plaintiff had not attained the age of 22 as of February 15, 2019. Tr. 15.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. *Id*.

At step two, the ALJ determined Plaintiff had the following severe impairment: an intellectual disorder. Tr. 16.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. *Id*.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform a full range of work at all exertion levels, with the following nonexertional limitations:

> [s]he is limited to simple, routine tasks with few workplace changes. Additionally, she cannot perform production rate or assembly line work.

Tr. 19.

At step four, the ALJ found Plaintiff did not have past relevant work. Tr. 21.

At step five, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national economy, including the jobs of hand bander; hand stuffer; and garment bagger. Tr. 22.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from at any time from the alleged onset date through the date of the decision. Tr. 23.

# ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II and Title XVI of the Social Security Act. The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff raises the following issues for review (1) whether the ALJ properly evaluated the medical opinion evidence; (2) whether the ALJ conducted a proper step-three analysis; and (3) whether the ALJ conducted a proper step-five analysis. ECF No. 13 at 1-2.

# DISCUSSION

**A.     Medical Opinion Evidence**

Plaintiff contends the ALJ improperly evaluated the opinion of Kenneth Asher, Ph.D. ECF No. 13 at 5-9. For claims filed on or after March 27, 2017, pursuant to the applicable regulations, the ALJ does not give any specific evidentiary weight to medical opinions or prior administrative medical findings. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative findings include supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and the ALJ must explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ may explain how he or she considered the other factors, but is not required to do so, except in cases where two or more opinions are equally

well-supported and consistent with the record. *Id.* Supportability and consistency are explained in the regulations:

> (1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).

The Ninth Circuit addressed the issue of whether the 2017 regulatory framework displaces the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). The Court held that the 2017 regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies. *Id.* at 788-89, 792. The Court reasoned the "relationship factors" remain relevant under the new regulations, and thus the ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records. *Id.* at 790, 792. Even under the new regulations, an ALJ must provide an explanation supported by substantial evidence when rejecting an examining or treating doctor's opinion as unsupported or inconsistent. *Id.* at 792.

    *1. Dr. Asher*

    On February 27 and 28, 2019, Dr. Asher performed a parenting evaluation, which included a psychological evaluation along with neuropsychological testing and neurobehavioral status exam, on behalf of Washington State DSHS division of Child and Family Services. Tr. 453-67. Dr. Asher's diagnoses included intellectual deficiency disorder, mild, and PTSD. Tr. 465. He opined that Plaintiff's "measured IQ scores have been in the below-average to extremely below-average range since before adolescence, most recently in this evaluation" and that "while her adaptive skills have been measured in the moderately below-average range, the deficits may be underestimated, and the anecdotal record suggests more severe deficits in meeting challenges of young adult living"; and he noted "she has never shown the ability to live independently or shared responsibilities of head-of-household with an adult." Tr. 464-65.

    Dr. Asher opined Plaintiff met the criteria for PTSD because of her May 2018 injuries from a gunshot, and that she was a victim of sexual abuse and a perpetrator of child neglect; he noted "this is due to her own developmental disability rather than intentional neglect." Tr. 465. He opined Plaintiff continued to "lack the ability to live independently or meet developmental expectations of a young adult." *Id*. He opined she had "great difficulty understanding and learning complex tasks" and that she had "very poor ability to solve problems in the standardized procedures as they became more challenging, responding in a random trial and error fashion." Tr. 466. He opined she should participate in mental health treatment "to address her PTSD as well as the likely distress of the progress of her [child removal] case"; and she would benefit from training/coaching in life skills and independent living," and "she should also work with a vocational agency and counselor to determine whether she can work." Tr. 467. He opined she may be eligible for services for developmentally disabled individuals and Social Security

benefits and should be assisted in applying for such benefits. *Id*. The ALJ did not assess the persuasiveness of Dr. Asher's opinion.

Plaintiff contends the failure to assess the persuasiveness of Dr. Asher's opinion constituted harmful error because there were no other treating or examining opinions in the record, the ALJ rejected the DDS opinions and relied entirely on his own interpretation of the evidence, including psychological test results; and that he had a duty to develop the record. ECF No. 13 at 8. Defendant contends that Dr. Asher's statements and assessment of Plaintiff's ability to perform the duties of a parent did not amount to a statement of what she could do despite her impairments or whether she had any specific work-related limitations and therefore was not a medical opinion, and the ALJ was not required to analyze its persuasiveness; and that the evidence was not ambiguous nor inadequate and therefore the ALJ had no duty to further develop the record. ECF No. 14 at 3-4.

Under the applicable regulations, the ALJ must evaluate medical opinions using the factors listed in 20 C.F.R. §§ 404.1520c and 416.920c. Additionally, the ALJ is required to consider "all medical opinion evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). "A medical opinion is a statement from a medical source about what [Plaintiff] can still do despite [Plaintiff's] impairment(s) and whether [Plaintiff has] one or more impairment-related limitations or restrictions in the following abilities . . ." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). Such abilities include Plaintiff's "ability to perform mental demands of work activities, such as understanding; remembering, maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, coworkers, or work pressures in a work setting." 20 C.F.R. §§ 404.1513(a)(2)(ii), 416.913(a)(2)(ii). Here, Dr. Asher opined Plaintiff had ongoing limitations from PTSD, an impairment not addressed by the ALJ; and that her limitations included inability to care for her own child due to her developmental disability; and that she had limitations including difficulty

REPORT AND RECOMMENDATION . . . - 8

learning and understanding tasks, poor ability to solve problems, and "lacked the ability to live independently or meet developmental expectations of a young adult," and that she should work with a vocational agency and counselor to determine whether she can work. Tr. 465-66. Dr. Asher's opinion directly addresses Plaintiff's ability to perform mental demands of work activities, and the ALJ erred by failing to discuss these limitations and or the persuasiveness of Dr. Asher's opinion.

The harmless error analysis may be applied where even a treating source's opinion is disregarded without comment. *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015). An error is harmful unless the reviewing court "can confidently conclude that no reasonable ALJ, when fully crediting the [evidence], could have reached a different disability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). Here, Dr. Asher performed a two-day psychological assessment including intellectual testing, and his opinion addressed Plaintiff's impairment-related limitations and restrictions in abilities including mental demands that are relevant to work activities. Tr. 465-66. Dr. Asher's opinion was directly related to the mental and intellectual limitations that Plaintiff alleges prevent her from working. Although the ALJ mentioned Dr. Asher's test results in the decision and noted "it was thought she continued to lack the ability to live independently" and had "difficulty understanding risks and learning appropriate childcare methods," Tr. 20, the ALJ elsewhere concluded that Plaintiff could perform childcare, work part-time, and "has been able to perform typical activities of daily living independently." Tr. 17, 21. Further, while the ALJ determined plaintiff's part-time work activity was inconsistent with her claims, Plaintiff contends this work was sheltered or accommodated, which appears more consistent with Dr. Asher's assessed limitations; and Dr. Asher's opinion is also relevant to the listing for intellectual disorder at issue in this case and the step three analysis, along with the findings at step five as to whether Plaintiff can maintain

REPORT AND RECOMMENDATION . . . - 9

full-time competitive employment. *See* Tr. 17, 37-38; ECF No. 13 at 15-16, 20-21. Accordingly, the ALJ erred by not considering the persuasiveness of this opinion using the factors required by the regulations, and the error was harmful because a reasonable ALJ could have reached a different disability determination had the opinion been considered.

Although Defendant argues Dr. Asher's statement is not a medical opinion, in part because it was given in relation to a child removal case, the purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them. *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995). Further, the ALJ did not provide any such rationale, thus the Court will not consider Defendant's *post hoc* rationalization. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (The Court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."). The ALJ erred in failing to address the persuasiveness of Dr. Asher's opinion, and the error was harmful.

Upon remand, the ALJ will reassess the medical evidence of record, including all medical opinion evidence, with the assistance of medical expert testimony. The ALJ will set forth an analysis of the consistency and supportability of all medical opinions, as required by the regulations. The ALJ is to incorporate the opinions into the RFC or give reasons supported by substantial evidence to reject the opinions.

**B.    Step Three**

Plaintiff argues the ALJ failed to conduct an adequate analysis at step three and failed to find Plaintiff disabled as meeting or equaling a listed impairment. ECF No. 13 at 9-20.

At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii),

416.920(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the Listing. *Tackett*, 180 F.3d at 1099. If a claimant meets or equals a Listing, the claimant is considered disabled without further inquiry. 20 C.F.R. §§ 404.1520(d), 416.920(d).

    "To *meet* a listed impairment, a claimant must establish that he or she meets each characteristic of a listed impairment relevant to his or her claim." *Tackett,* 180 F.3d at 1099 (emphasis in original); 20 C.F.R. §§ 404.1525(d), 416.925(d). "To *equal* a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment . . . ." *Tackett*, 180 F.3d at 1099 (emphasis in original) (quoting 20 C.F.R. § 404.1526(a)); 20 C.F.R. § 416.926(a). "If a claimant suffers from multiple impairments and none of them individually meets or equals a listed impairment, the collective symptoms, signs and laboratory findings of all of the claimant's impairments will be evaluated to determine whether they meet or equal the characteristics of any relevant listed impairment." *Id*. "An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not [meet or equal a listing]." *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). However, the ALJ is not required to state why a claimant fails to satisfy every section of the listings if the ALJ adequately evaluates the evidence; and while the ALJ must discuss and evaluate the evidence that supports the ALJ's conclusions, the ALJ need not do so under any particular heading. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1200-01 (9th Cir. 1990); *Lewis*, 236 F.3d at 513.

    Here, Plaintiff contends that the evidence, including Dr. Asher's opinion, supports a finding that Plaintiff met or equaled listing 12.05(B), Intellectual Disorders. ECF No. 13 at 9-20. As the claim is remanded for reconsideration of

the medical opinion evidence, including Dr. Asher's opinion, the ALJ shall also reperform the sequential analysis including the step three analysis. The ALJ is instructed to reassess whether Plaintiff meets or equals a listing with the assistance of medical expert testimony.

## C.   Step Five

Plaintiff contends the ALJ also erred by failing to meet his burden at step five. ECF No. 13 at 20-21. Having determined a remand is necessary to readdress the medical opinion evidence and reperform the sequential analysis, the Court declines to reach this issue. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").

Upon remand the ALJ is instructed to perform the sequential analysis anew, including the step five analysis with the assistance of vocational expert testimony.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is not supported by substantial evidence and not free of harmful error. Plaintiff requests the decision be reversed and remanded for further proceedings to develop the record, re-evaluate the medical evidence and testimony, and to reassess Plaintiff's RFC and make new findings. ECF No. 13 at 21. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further proceedings are necessary to further develop the record, including obtaining medical expert testimony.

On remand, the ALJ is instructed to obtain all updated medical evidence. The ALJ shall reevaluate the medical evidence of record with the assistance of

medical expert testimony, including whether Plaintiff met or equaled a listing at any time during the period at issue. The ALJ is instructed to perform the sequential analysis anew, making new findings on each of the five steps of the sequential evaluation process, reassess all medical opinion evidence, including the opinion of Dr. Asher, using the factors required by the regulations, and to reassess plaintiff's subjective complaints, taking into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS HEREBY RECOMMENDED** Plaintiff's Motion for Summary Judgment, **ECF No. 13**, be **GRANTED**; Defendant's Motion for Summary Judgment, **ECF No. 14**, be **DENIED**; and the District Court Executive enter **Judgment for Plaintiff REVERSING and REMANDING** the matter for further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

## OBJECTIONS

Any party may object to a magistrate judge's proposed findings, recommendations or report within fourteen (14) days following service with a copy thereof. Such party shall file written objections with the Clerk of the Court and serve objections on all parties, specifically identifying the portions to which objection is being made, and the basis therefor. Any response to the objection shall be filed within fourteen (14) days after receipt of the objection. Attention is directed to Fed. R. Civ. P. 6(d), which adds additional time after certain kinds of service.

A district judge will make a *de novo* determination of those portions to which objection is made and may accept, reject, or modify the magistrate judge's determination. The judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon. The judge may, but is not required to, accept or consider additional evidence, or may recommit the matter to the magistrate judge with

instructions. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72; LMJR 2, Local Rules for the Eastern District of Washington.

A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be appealed.

The District Court Executive is directed to file this Report and Recommendation and provide copies to counsel.

DATED September 12, 2023.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE